FENDER imposed on May 2, 1980, was fully heard and after a careful consideration of the entire matter it is decided that: the sentence imposed by Judge Coder is affirmed except the Sentence Review Board will remove the DANGEROUS OFFENDER DESIGNATION on the grounds that the physical condition of the Defender indicates he is not a danger to society.

HONORABLE DOUGLAS HARKIN DISSENTS: He felt the sentencing judge had substantial evidence to support his determination that the Petitioner was dangerous.

We wish to thank Steve Hagerman, Deputy County Attorney from Cascade County for appearing before the Sentence Review Board.

We also wish to thank Paul Ewers of the Montana Defender Project for his assistance to the Defendant and to this Court.

DATED this 2nd day of April, 1987.

## SENTENCE REVIEW DIVISION

Frank M. Davis, Chairman, Thomas Honzel, Douglas Harkin, Judges.

From: The District Court of the Fourth Judicial District, County of Missoula, STATE OF MONTANA, Plaintiff vs. GARY JOSEPH SWAN, Defendant.

## DECISION

No. 3888

The application of the above-named defendant for a review of the sentence for Attempted Rape, remaining balance of 49 ½ year sentence + credit for 258 days served imposed on January 30, 1985, was fully heard and after a careful consideration of the entire matter it is decided that: the sentence shall remain the same as originally imposed.

We wish to thank Ed McLean, the Deputy County Attorney from Missoula for appearing before the Sentence Review Board.

We wish to thank Dave Pengelly of the Montana Defender Project for his assistance to the Defendant and to this Court.

DATED this 2nd day of April, 1987.

## SENTENCE REVIEW DIVISION

Frank M. Davis, Chairman, Thomas Honzel, Robert Boyd, Judges.

From: The District Court of the Fourth Judicial District, County of Missoula, STATE OF MONTANA, Plaintiff vs. ROGER EDWARD MUDD, Defendant.

## DECISION

No. 7353

The application of the above-named defendant for a review of the sentence of 40 years with 20 years suspended + conditions for Sexual Intercourse without Consent; and credit for 27 days served with a DANGEROUS DESIGNATION for purposes of parole eligibility imposed on September 22, 1986, was fully heard and after a careful consideration of the entire matter it is decided that: the sentence imposed shall remain 40 years with 20 years suspended plus conditions as set forth in the September 22, 1986 Judgment, however, the DANGEROUS DESIGNATION shall be removed and an additional condition shall be that the Petitioner shall complete the Sex Offender Program at Montana State Prison before he is released.

The reasons for the amendment are:

(1) The amended sentence is justified under the Pre-sentence and the psychological reports which indicate that the Petitioner is not a psychological risk; and

(2) that the Missoula County Attorney's Office seems to indicate that this type of decision would be the type of protection that they would desire for this individual.

We wish to thank Deputy County Attorney, Ed McLean, from Missoula for appearing before the Sentence Review Board.

As well as Margaret Borg, Attorney at Law from Missoula for her assistance to the Defendant and to this Court.

DATED this 2nd day of April, 1987.

## SENTENCE REVIEW DIVISION

Frank M. Davis, Chairman, Thomas Honzel, Robert Boyd, Judges.

From: The District Court of the Fifteenth Judicial District, County of Sheridan, STATE OF MONTANA, Plaintiff vs. ALVIN JAMES HOFF, Defendant.

## DECISION

No. 908

The application of the above-named defendant for a review of the sentence of 40 years for Mitigated Deliberate Homicide; plus 10 years for the use of a weapon to run consecutively; and the last 30 years of said 50-year sentence is suspended + conditions; and a fine of $20,000 to be paid in full on or before 7/1/88 plus court costs of $5,418 imposed on May 15, 1986, was fully heard and after a careful consideration of the entire matter it is decided that: the unanimous Judgment of this Court is that Judge Sorte's incarceration portion of the sentence is affirmed. The $20,000 fine is stricken. Given the defendant's age and work habits, the fine is not a viable or enforceable type of sentence. The Petitioner must pay the court costs as determined by Judge Sorte based on a schedule to be worked out by his probation officer. The conditions of his sentence are amended as set forth in the Attachment [see below]. We wish to thank Susan Gobbs of the Montana Defender Project for her assistance to the Defendant and to this Court.

DATED this 3rd day of April, 1987.